UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GREG MELFI, plaintiff | : | |
| | : | |
| vs. | : | CA. NO 04-80S |
| | : | |
| JOSEPH MANSOLILLO, | : | |
| ARTHUR MASOLILLO | : | |
| & MELFI, DDS, defendants | : | |

**DEFENDANTS JOSEPH MANSOLILLO AND ARTHUR MANSOLILLO'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 12.1**

1. Defendant Joseph Mansolillo (J. Mansolillo) and Defendant, Arthur Mansolillo (A. Mansolillo) are licensed to practice dentistry in the State of Rhode Island and prior to January 1, 1992 practiced dentistry under the name Mansolillo and Mansolillo as general partners at 1347 Hartford Avenue, Johnston, RI 02919.

2. The Plaintiff and the Defendants agreed to form a partnership for the purpose of practicing dentistry in 1992 with an effective date of January 1, 1992 ("the Dental Practice Partnership"). *(Mansolillo, Mansolillo & Melfi, DDS Financial Statements Years Ended December 31, 1992 and 1991 p. 5 (hereinafter "1992, 1991 Financial Statements") (attached as Exhibit D).*

3. Each of the partners, J. Mansolillo, A. Mansolillo and G. Melfi agreed to devote to the Dental Practice Partnership his full time and endeavor and further agreed not to engage in any other gainful operation requiring his personal attention without the specific approval of the majority of the partners. (*Deposition Transcript of Gregg R. Melfi, DDS (hereinafter "Melfi Tr."), dated June 27, 2005, at p. 61, (attached as Exhibit C)*); *(Articles of Partnership (attached as Exhibit E).*

4. Although written draft agreements of for the Dental Practice Partnership were prepared, no written partnership agreement was ever signed by the parties. *(Articles of Partnership*

*(attached as Exhibit E).*

5. The Dental Practice Partnership financial statements and tax returns were prepared by certified public accountant, Joseph H. Conley, and, after his retirement, by Batchelor, Frechette, McCrory & Michael, certified public accountants. *(Defendant A. Mansolillio Responses to Interrogatories, Dated December 28, 2004 (hereinafter "A. Mansolillo Answers to Interrogatories") responses 4 (attached as Exhibit J).*

6. The parties agreed that G. Melfi would have a one-third interest in the capital assets of the Dental Practice Partnership effective January 1, 1992. *(Melfi Tr. at p. 27).*

7. The parties agreed that G. Melfi would not pay any sums of money into the Dental Practice Partnership in the form of a capital contribution for his right to become a owner of the one-third interest in the capital of the Dental Practice Partnership. *(Melfi Tr. at p. 34-35).*

8. Every year, the partners agreed to the respective guaranteed salaries that they would receive from the Dental Practice Partnership. *(Melfi Tr. at p. 57).*

9. During the early years of the Dental Practice Partnership, G. Melfi's guaranteed salary was less than the guaranteed salaries of A. Mansolillo and J. Mansolillo. *(Melfi Tr. at p. 57).*

10. G. Melfi agreed to the structure of the guarnateed salary which allowed A. Mansolillo and J. Mansolillo to take a salary larger than the salary G. Melfi was to receive. *(Melfi Tr. at p. 57).*

11. G. Melfi's initial capital account of $20,000 was established through an internal bookkeeping entry and not through any payment. *(Melfi Tr. at p. 29).*

12. In January 2002 G. Melfi informed J. Mansolillo and A. Mansollilo that he intended withdraw from the Dental Practice Partnership and purchase a dental practice in Massachusetts. *(Melfi Tr. at p. 88).*

13. In 2000 G. Mefli purchased A. Mansolillo's interest in A&J Realty, a Rhode Island general partnership. *(Melfi Tr. at p. 4).*

14. In March 2002 G. Mefli wrongfully withdrew from the Dental Practice Partnership. *(Melfi Tr. at p. 8).*

15. Upon his departure G. Melfi's capital account was negative $21,248. *(Financial Statements dated December 31, 2002 (hereinafter "2002 Financial Statements") (attached as Exhibit F) at p. 11).*

16. A&J Realty owned the building in which the Dental Practice Partnership operated. *(Complaint, C.A. No. 04-80S, ¶ 4(hereinafter "Real Estate Complaint")(attached as Exhibit B)).*

17. A&J Realty was formed to lease the building to the Dental Practice Partnership and to receive sufficient funds, in the nature of rent, from the Dental Practice Partnership, to cover its expenses so that it would break even. It was not formed to make profits for its partners. (*Melfi Tr. at p. 9*)

18. There was no written partnership agreement for A&J Realty. (*Memorandum of Understanding (attached at Exhibit H)*).

19. The partners of A&J Realty executed a Memorandum Of Understanding which provides that the sale price would be limited to one half of the amount of the principal reduced on the mortgage if any partner was to sell their interest in the first five years. (*Id.*)

Defendant, by His Attorneys,
HIGGINS, CAVANAGH & COONEY, LLP

By ____________________
Gerald C. DeMaria, #0637
123 Dyer Street
Providence, RI 02903
(401) 272-3500

CERTIFICATION

I hereby certify that a copy of the foregoing documents has been furnished by mail, this 19th day of September 2005 to: Francis A. Connor, III and Lawrence T. Gingrow, III at TAYLOR, DUANE, BARTON & GILMAN, LLP, 10 Dorrance Street, Suite 700, Providence, RI 02903 and by regular mail to Everett Petronio, Jr., Esq., Law Offices of Everett A. Petronio, Inc., 1239 Hartford Ave, P.O. box 19040, Johnston, RI 02919-0001

Susan Newman
____________________